AteiNSON, J.,
delivered the opinion of the court:
The claimant in this case brings a suit to recover the sum of $140 alleged to be due to him during an authorized leave of absence with full pay for the period of six weeks as a nurse on the Isthmus of Panama, from August 17, 1906, to and including September 29, 1906, at the rate of $75 per month.
It appears from the record in the case that claimant was appointed by the Isthmian Canal Commission July 29, 1905, as a nurse at $50 per month; that he was promoted to $75 per month October 1, 1905; that he was granted leave of absence with pay August 17, 1906, for six weeks; that he tendered his resignation September 10, 1906, to take effect at the expiration of his leave on the 29th of the same month; that he was dropped from the employees’ roll by the Canal Commission and his employement considered annulled at .the close of business August 17, 1906, his salary having been paid in full to and including that date. This action was subsequently approved by the executive secretary of the Canal Commission. The decision of the officers of the Canal Commission was approved by the Auditor of the Treasury for the War Department, and upon a revision of the account by the Comptroller of the Treasury Department the decision of the auditor was sustained and the claim was rejected. Hence suit is herein brought to recover the same.
The rules of the Isthmian Canal Commission provide, among other things, that leaves of absence to employees “ may be granted, in the discretion of the head of the department in which employed, * * * at the rate of six weeks for each twelve months of service rendered, or at the rate of three and one-fourth days for each full month’s *527 service actually rendered, such leave to be accumulated for a period of two years, and to be granted at any time after eight months’ service, in the discretion of the head of the department. If such leave is granted they will be entitled to the government rate of $20 each way on steamers of the Panama Railroad and Steamship Company, operating be-1 tween New York and Colon. This grant of a leave of absence is not to he considered a vested right, but is made to promote the welfare and interests of the service, and compensation for the period of their leave will not be paid until after their return to duty * *
Claimant by letter to the Canal Commission, under date of September 10, 1906 (nineteen days before his leave of absence expired), tendered his resignation as nurse, to take effect at the expiration of his six weeks’ leave, thus showing that he had no intention to resume his duties as such employee, and did not so return before filing his claim for pay during his said leave of absence.
Whether the action of the commission in discontinuing claimant’s services, which was taken near the expiration of his leave, could take effect as of the date when the leave was granted, or operate to rescind the grant of leave, are questions under the state of facts in this case not necessary to decide.
The regulations of the commission, however, plainly provide, as above shown, that payment of salary during the leave of absence of an employee, covering the period granted, shall not 'be allowed until after the party returns to duty.
The correspondence between claimant and the officers of the Canal Commission, which in entirety is set out in the record of this case, shows that claimant, when he obtained leave of absence, never intended to resume his duties as a nurse, and having resigned his position prior to the expiration of his leave of absence, and having failed to return to his duties as a nurse at the expiration of his said leave, he is not entitled to compensation therefor.
The petition is dismissed. Judgment for the United States.