BaeNey, J.,
delivered the opinion of the court:
October 15, 1904, the plaintiff in this suit was appointed to a clerkship in the service of the Isthmian Canal Commission at a salary of $75 per month and assigned to service in the office of the chief of engineers at Panama, on the Isthmus of Panama. His appointment contained a provision that he would “ be granted at the convenience of the commission six weeks’ leave of absence on full pay each year of service.” He received an increase of salary from time to time by way of promotion, but during his entire service his name was carried on the rolls as a clerk in the office of the chief of engineers, and his duties were confined to such office during all of that time, except a brief period during which by detail he acted as municipal judge, but receiving during such detail service his salary as such clerk only. It also appears that the plaintiff never took but one oath of office as such clerk and never received but one appointment to office, which was the one already referred to. August 1,1905, the plaintiff was granted a leave of absence with pay for six weeks, extending from August 8 to September 18, 1905, and thereupon returned home. September 7, 1905, the chief of engineers of the Isthmian Canal Commission at Panama wrote to the assistant chief here in Washington saying that the plaintiff had expressed a desire to be transferred to the Interior Department in Washington in place of one Machler, then employed therein, the said Machler to be transferred to the Isthmian Canal Commission in his place, and said that there was no objection to this request if it could be effected under the civil-service regulations. Thereupon, under date of September 22, 1905, the Acting Secretary of the Interior addressed a letter to the Civil Service Commission requesting that such exchange be approved. The Civil Service Commission replied that the claimant was not eligible for the proposed transfer by reason of the fact that he had not been in the service two years, but stating that such requirement might be waived in specially meritorious cases. September 22, 1905, the assistant chief of the Isthmian Canal Commission addressed a letter to the Civil Service Commission highly commendatory of the services of the plaintiff while at Panama *44 and requesting “that the mutual exchange and transfer in question be authorized, such exchange being satisfactory to the two heads of department and two employees concerned.” The Civil Service Commission then recommended the waiving of the two years of service so as to permit the transfer as requested.
In accordance with the foregoing the claimant was transferred from his employment as clerk with the Isthmian Canal Commission to a position in the Land Office in exchange for said Machler, who was transferred to the position formerly held by the plaintiff with the Isthmian Canal Commission.
The Treasury Department having refused payment to the plaintiff for his salary and commutation of quarters during his leave of absence, he brings this suit to recover for the same.
It is contended by the defendants that the plaintiff can not recover in this suit because of the effect of the orders of November 3, 1904, and May 6, 1905, quoted in Finding I, which provide that no compensation shall be allowed to employees granted leave of absence unless they return after leave to their work. On the other hand, it is contended by the plaintiff that these orders do not affect his right to compensation during such period for the reason that his letter of appointment contained a provision that he would be allowed leave of absence for six weeks in each year with pay, without limitation as to his return, and that the orders of November 3,1904, and May 6, 1905, having been issued after his appointment, did not affect his status in the service. In other words, that his duties and rights are to be determined by the terms of his letter of appointment and that such terms can not be modified by subsequent orders to which he never consented.
Apparently conceding this general proposition, the defendants contend that the several promotions of the plaintiff amounted to new appointments, and as some of them were made after November 3, 1904, and May 6, 1905, that the orders of those dates are binding upon him.
The findings show that the plaintiff took but one oath of office, never received but one letter of appointment, and dur- *45 mg bis whole period of service was acting as a clerk in the office of the chief of engineers of the Panama Isthmian Canal Commission, to which office he was appointed. It appears that these so-called promotions were but increases in pay from time to time for good service, and were in no sense a promotion to a different office.
It would then seem to follow from the foregoing that all of the services of the plaintiff were rendered under his one letter of appointment, which provides for six weeks’ leave of absence on full pay during each year of service, without qualification.
We also believe that the plaintiff is entitled to recover in this suit upon another ground. As before stated, the findings show that the failure of the plaintiff to return to Panama was because of an exchange of places in the Government service between him and an employee in the Land Office, by the terms of which he took a position in the Land Office and Mr. Machler went to Panama and took up his duties there.
This mutual exchange and transfer was approved, and in fact requested, both by the Acting Secretary of the Interior and the chief of engineers of the Isthmian Canal Commission. It will thus be seen that the failure of the plaintiff to return to Panama was brought about by. the action of his superior officers in both branches of the Government service to which during the period under consideration he was attached.
In view of these facts we do not think that the orders of the Isthmian Canal Commission above referred to can be invoked to deprive the plaintiff of pay during his leave of absence for his failure to return at or after its expiration.
This case is clearly distinguishable from that of Vaughn v. United States (45 C. Cls. R., 525), for in the latter case the claimant was appointed after the promulgation of the later regulations quoted and resigned his position before the expiration of his leave. In the Vaughn case also there was no recommendation and consent to mutual exchange of positions, as in the case at bar.
Judgement is ordered for the plaintiff in the sum of $196.45.